In the Matter of the Estate of WILLIAM LOWE, Deceased.

Surrogate's Court, Bronx County, July 15, 1930.

*Robert W. Maloney* [*Nicholas P. Callaghan* of counsel], for the petitioner.

*William Brunner*, for Amy C. A. Lowe.

*Raymond J. Scully*, special guardian.

HENDERSON, S. This is a petition by one of the executors and trustees for a judicial construction of certain portions of the will which read as follows:

" *Second.* I give and bequeath to my beloved wife, Amy C. A. Lowe, all my household effects, furniture and furnishings, jewelry, personal apparel and any automobile and equipment thereunto belonging which I may own at the time of my death, and I do hereby give to my said wife the free use of my house and appurtenances, known as No. 3315 Sedgwick Avenue, in the Borough of the Bronx, City of New York, during her widowhood, as hereinafter provided in this my Will. Should my said wife Amy C. A. Lowe not desire to live in my house as aforesaid, then and in that event I direct that the said premises be sold and the proceeds thereof invested, pursuant to the terms of the trust hereinafter set forth, and that all the income arising from the proceeds of the sale of said house be paid to my said wife during her widowhood and on her death or remarriage the said fund to be disposed of in accordance with the provisions of the trust, as hereinafter set forth."

" *Fourth.* All the rest, residue and remainder of my estate, both real and personal, and wherever the same shall be located, including my residence No. 3315 Sedgwick Avenue Borough of Bronx, City of New York, I give, devise and bequeath unto my executors hereinafter named, in trust nevertheless for the following uses and purposes:

" 1. To take and hold the said premises No. 3315 Sedgwick Avenue, Borough of the Bronx, City of New York, and to pay the taxes, assessments and water rates which may be imposed thereon, and to keep the said premises in proper repair for the use as a home of my wife Amy C. A. Lowe, during her widowhood. Should my said wife not desire to make use of the said house as a home, or fail to occupy the same, then I direct that the said premises be sold and, after deducting the usual charges and expenses of such sale, the said trustees shall invest the balance thereof in securities authorized by law in the State of New York and pay the net income thereof to my said wife during the period of this trust and during her widowhood, and on the termination of the said trust, as hereinafter provided, divide the balance in accordance with the following provisions of this my Will.

"2. To take, hold, invest and re-invest all of the balance of the principal of my estate in securities authorized by law, receive and collect the income therefrom and, after paying the net expenses of said trust, including the cost of upkeep of the premises 3315 Sedgwick Avenue, pay over the income thereof in the following proportions, that is to say:

"(a) Twenty-five per cent. (25%) of the net income to my widow Amy C. A. Lowe, for and during her widowhood;

"(b) The balance thereon, to wit: seventy-five per cent. (75%) of the said net income to be distributed equally between my children who shall be living, or to the issue of any deceased child or children of mine, *per stirpes* and not *per capita*.

"3. The trust herein created shall continue during the joint lives of my two grandchildren, *Charles William Rose* and *Doris Bickelhaupt*, provided, nevertheless, that when my said grandson Charles William Rose shall have attained the age of forty years, or when my said granddaughter Doris Bickelhaupt shall have attained the age of thirty-eight years, or whichever of said events shall happen first, the said trust herein created shall cease and terminate and all of the property in the hands of the trustees shall be distributed in the following manner, that is to say:

"If my wife shall then be living the value of her life estate, based on her quarterly income from the said trust, averaged during the entire period of said trust, shall be computed according to the mortality tables of the State of New York and shall be paid to her in cash;

"If my said wife shall have died or remarried before the expiration of said trust, then the entire balance in the hands of the trustees and, if she still be living, then the balance of said trust after deducting the value of her remaining life estate, as above provided, shall be divided equally between my then surviving children, or the issue of any deceased child or children, *per stirpes* and not *per capita*."

The widow elected to occupy the Sedgwick avenue house pursuant to the provisions of the will.

The main question presented for determination is whether paragraph 2 of the will creates a separate trust for the benefit of the widow for her life in the dwelling house 3315 Sedgwick avenue, or whether there is a single trust created in paragraph 4, which includes the widow's beneficial interest in the dwelling house.

A reading of paragraph 2 without recourse to any other part of the will fails to disclose the necessary elements for the creation of a trust. It is only when read in connection with paragraph 4, which in and of itself creates a trust, that the intention of the

testator can be gathered and his wishes given effect. In paragraph 4 the testator makes a direct devise to his trustees of the specific property here under consideration. Having already directed that his widow shall have " free use of my house and appurtenances known as No. 3315 Sedgwick Avenue, in the Borough of the Bronx, City of New York, during her widowhood " in paragraph 2, he goes on to direct the trustees appointed in paragraph 4, to whom he devised the property, to " pay the taxes, assessments and water rates which may be imposed thereon and to keep the said premises in proper repair for the use as a home of my wife, Amy C. A. Lowe, during her widowhood." Paragraph 2 must be read in conjunction with paragraph 4. I hold that a single trust is created with title to said premises in the trustees for the use and benefit of the widow.

The trust is limited upon the lives of two grandchildren of the decedent or until the grandson reaches the age of forty years or the granddaughter becomes thirty-eight years of age. There is a possibility that the widow may survive the termination of the trust. Should that contingency arise, I hold that the value of the widow's remaining life estate, in such real property, should be computed upon the value of the equity at that time and her then expectancy of life, and the amount thereof should be paid to her in a lump sum, the remainder to the children or their issue in the proportions provided for in the will.

The questions set forth in the petition are answered as follows:

1. No.

2. The estate in the Sedgwick avenue premises is terminated. The widow is to receive a lump sum based upon the equity in the premises at the time of the termination of the trust and the expectancy of her life at that time.

3. Requires no answer under my decision herein.

4. (a) Among those who receive the seventy-five per cent of the income under paragraph 4 of the will.

(b) The title would remain in the trustees.

(c) Her interest terminates except as to her right to receive a lump sum as hereinbefore set forth.

(d) Among those who receive the seventy-five per cent of the income under paragraph 4 of the will.

5. (a) Upon the equity in the Sedgwick avenue property and the expectancy of life of the widow at the time of the death of the testator.

(b) Upon twenty-five per cent of the net value of the estate, exclusive of the Sedgwick avenue house, at the time of the death of the testator and the expectancy of life of the widow at that time.

Settle decision and decree accordingly.